IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $9,710.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | COMPLAINT IN FORFEITURE |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. The defendant $9,710.00 in U.S. Currency (hereinafter "defendant currency") was seized on September 29, 2017. The defendant currency is now in the possession of the federal government.

4. Subsequent to the seizure, the Drug Enforcement Administration (hereinafter "DEA") commenced administrative forfeiture proceedings against the defendant currency. A

joint claim to the defendant currency was submitted in the administrative forfeiture proceeding by Christin Anderson and Kevin Body necessitating the filing of this judicial forfeiture action.

5. The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a).

## FORFEITURE COUNT

6. In 2017, the Youngstown Resident Office of DEA (hereinafter "DEA") received information that Horace Anderson was a cocaine drug trafficker.

7. In September of 2017, the DEA made a controlled purchase of 4-1/2 ounces of cocaine from Horace Anderson for $5,175.00.

8. In September of 2017, the DEA made a second controlled purchase of approximately nine ounces of cocaine from Horace Anderson for $10,350.00, which substance was later determined to be a counterfeit substance.

9. Prior to conducting both controlled purchases, the DEA had recorded the serial numbers of the buy money prior to providing it to the confidential informant(s).

10. During one of the controlled buys, DEA determined that Horace Anderson was associated with an apartment within the Deer Creek Apartment complex in Youngstown, Ohio.

11. Christin Anderson and Kevin Body were listed as lessees on an apartment located in the Deer Creek Apartment complex.

12. On September 29, 2017, the DEA executed a search warrant at that apartment located in the Deer Creek Apartment Complex.

13. Bundles of currency, later determined to total $15,610.00 in U.S. Currency, were found inside a shoebox on a shelf of a closet located in a child's bedroom.

14. Kevin Body told law enforcement officers that he and Christin Anderson had approximately $14,000.00 in the house that they had accumulated from savings and he had a Glock 17 pistol which he owned.

15. Christin Anderson told law enforcement that Horace Anderson is her father and that he had a set of keys for, and free access to, the apartment.

16. Christin Anderson stated that $6,000.00 of the sum found in the closet was part of an income tax refund.

17. In response to being asked whether there was any cocaine in the apartment, Christin Anderson inquired of the officers, "It tested positive for cocaine, didn't it?"

18. The DEA seized the entire amount of currency, including the defendant currency.

19. On October 2, 2017, the DEA examined the currency seized from Anderson and Body's apartment and determined that $5,900.00 of that currency contained serial numbers of the buy money used by law enforcement to make controlled buys of cocaine from Horace Anderson.

20. On November 27, 2017, Christin Anderson and Kevin Body filed an administrative claim to the defendant currency, stating under the penalty of perjury, in part, that they "are the owners of this money--$16,000.00—being claimed" and that the money "did not come from any illegal sources."

21. Horace Anderson has a drug-related criminal history, including the following conviction: Conspiracy to Possess with Intent to Distribute Controlled Substance and

Possession with Intent to Distribute Cocaine, Case No. 1:05CR0412, on February 13, 2006, in the United States District Court for the Northern District of Ohio.

22. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

          Respectfully submitted,

          JUSTIN E. HERDMAN
          United States Attorney

By: _____
      Phillip J. Tripi
      Reg. No. 0017767
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      Phone: (216) 622-3769
      Fax:   (216)522-7499
      Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

    I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

                                                    Phillip J. Tripi
                                                    Assistant U.S. Attorney

    Sworn to and subscribed in my presence this 27th day of July, 2018.

                                                    Notary Public

BRIDGET C PIASCIK
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 8/22/18